IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SECURITYNATIONAL MORTGAGE COMPANY, a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S PRETRIAL MOTION NO. 1<br><br><br>Case No. 2:11-CV-519 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Lehman Brothers Holdings Inc.'s ("LBHI") Pretrial Motion No. 1. For the reasons discussed below, the Court will deny the Motion.

Under the current scheduling order, all dispositive motions were required to be filed by September 4, 2012.[1] LBHI filed its "Pretrial Motion" on November 2, 2016, more than four years after the dispositive motion deadline. Though labeled as a "Pretrial Motion," LBHI's Motion is nothing more than an untimely motion for summary judgment.[2]

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'"[3]

---

[1] Docket No. 31.

[2] Docket No. 123, at 1 (setting out summary judgment standard)

[3] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

1

LBHI does not attempt to show good cause for its tardy motion, nor could it. Additionally, LBHI has not bothered to seek the Court's consent to either file the Motion or amend the scheduling order. While the Court retains the discretion to manage its own docket, nothing in LBHI's Motion convinces the Court that it should exercise that discretion to relieve it of the terms of the scheduling order.[4] The issues raised in LBHI's Motion could have, and should have, been raised previously.[5] Instead, LBHI waited until just weeks before trial to file a substantive dispositive motion. The Court cannot condone such behavior. LBHI chose not to seek summary judgment during the allotted time and it must now live with that decision. It is therefore

ORDERED that LBHI's Pretrial Motion No. 1 (Docket No. 123) is DENIED.[6]

DATED this 22nd day of November, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[4] The Court previously granted Defendant leave to file a motion for summary judgment outside the deadline despite a lack of good cause. Docket No. 78. However, Defendant's motion for summary judgment dealt with a statute of limitations issue that needed to be addressed prior to trial. LBHI's current Motion presents no such issues. And, importantly, Defendant sought leave to file its motion, while LBHI has not.

[5] Unlike Defendant's Pretrial Motions, LBHI's Motion does not challenge the ability of LBHI to bring its claims.

[6] The Court ordered that LBHI could file an optional reply brief by November 23, 2016. Given the Court's ruling, there is no need for LBHI to file a reply. That time and effort can be better spent preparing for trial.