IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SECURITYNATIONAL MORTGAGE COMPANY, a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING LBHI'S MOTION IN LIMINE NO. 1<br><br><br>Case No. 2:11-CV-519 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Lehman Brothers Holdings Inc.'s ("LHBI") Motion in Limine No. 1.  Through its Motion, LBHI seeks to preclude SecurityNational Mortgage Corp. ("SNMC") from presenting a mitigation of damages defense.  For the reasons discussed below, the Court will grant the Motion.

SNMC seeks to assert an affirmative defense that LBHI failed to mitigate its damages. The Seller's Guide contains a repurchase obligation for Early Payment Default loans.  "A repurchase provision is designed to shift the risk to the selling party in the event that a dispute arises."[1]  As such, "a general mitigation defense is not applicable."[2]  Therefore, the Court will exclude all evidence and argument concerning mitigation of damages under Rules 402 and 403.[3]

---

[1] *Resolution Trust Corp. v. Key Fin. Servs., Inc.*, 280 F.3d 12, 18 (1st Cir. 2002).

[2] *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, No. CIV-08-1125-C, 2011 WL 3739170, *6 (W.D. Okla. Aug. 23, 2011).

[3] The Court disagrees with SNMC's argument that LBHI's Motion is an improper attempt to obtain summary judgment.  LBHI seeks the exclusion of evidence and argument that is not relevant to the underlying action based on the applicable law.  That is a proper basis for a motion in limine.

1

Further, even if this evidence was relevant, SNMC has not identified any witness to testify on LBHI's alleged failure to mitigate. SNMC argues that "[t]he evidence at trial will be replete with instances of failure to mitigate."[4] SNMC points to properties that were sold for either less than their appraised value or for less than offers Aurora Loan Services had received. However, SNMC has disclosed no witness who would be in a position to testify as to the propriety of these sales. To the extent that SNMC seeks to argue that these loans were sold for less than market value, it would need to present expert testimony, which it has not disclosed. Moreover, the presence of the repurchase obligation places the risk of fluctuations in market price on SNMC once a demand was made.[5] SNMC could have mitigated its own damages, if any, through prompt repurchase.

It is therefore

ORDERED that LBHI's Motion in Limine No. 1 (Docket No. 157) is GRANTED.

DATED this 8th day of December, 2016.

BY THE COURT:

*/s/ signature*

Ted Stewart
United States District Judge

---

[4] Docket No. 170, at 2.

[5] *Resolution Trust Corp.*, 280 F.3d at 18 n.14.