IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SECURITYNATIONAL MORTGAGE COMPANY, a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART SECURITY NATIONAL'S MOTION IN LIMINE NO. 2<br><br><br>Case No. 2:11-cv-519 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on SecurityNational Mortgage Company's ("Security National") Motion in Limine No. 2. Security National argues that Mr. Drosdick, one of Lehman Brothers Holdings Inc.'s ("LBHI") "Will Call" witnesses, should not be allowed to testify to issues at trial that he avoided in deposition by claiming attorney-client privilege. Security National lists three topics which it argues Mr. Drosdick should not be allowed to discuss in testimony at trial; specifically, the September 2008 Assignment Agreement, the Indemnification Agreement, and the 2011 assignment of the Indemnification Agreement.

In response, LBHI asserts that it has no intention of waiving the attorney-client privilege as Security National fears, and states that Mr. Drosdick will continue to assert the privilege on questions regarding:

> (1) the persons to whom he presented drafts of the assignment agreements for internal approval; (2) the persons in management to whom he presented drafts of the assignment agreements; (3) whether he was the last person to approve the form of the agreements; (4) the reasons why the assignment agreement was made in March 2011; (5) communication with LBHI's directors and managers about negotiating the agreements; and (6) conversations about who would represent LBB in the litigation on the agreements.

The Court will not allow LBHI to waive its attorney-client privilege at trial to allow Mr. Drosdick to answer the specific questions that were avoided in Mr. Drosdick's deposition.[1] However, Mr. Drosdick may answer any questions that he answered in deposition, and any question that does not attempt to elicit responses to the specific questions that were previously avoided. Any other objections to the scope of Mr. Drosdick's testimony may be raised at trial and dealt with on a question-by-question basis.

It is therefore

ORDERED that Security National's Motion in Limine No. 2 (Docket No. 161) is GRANTED IN PART.

DATED this 9th day of December, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[1] *See, e.g., United States v. Workman*, 138 F.3D 1261, 1263–64 (8th Cir. 1998) ("The attorney client privilege cannot be used as both a shield and a sword.").